UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL DUANE SMITH, | ) | |
| Plaintiff, | ) | 2:13-cv-01742-JCM-NJK |
| vs. | ) | |
| | ) | **SCREENING ORDER** |
| DR. WILLIAM DONNELLY, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*.

**I. Application to Proceed *In Forma Pauperis***

Based on the information regarding plaintiff's financial status, the court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

/ / / / / / / / / /

## II. Screening Standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In

making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III. Screening of the Complaint**

Plaintiff has submitted a civil rights complaint in which he seeks to bring action against Dr. William Donnelly and Warden LeGrande. Plaintiff alleges that he received sub-standard medical

treatment during his incarceration at the Lovelock Correctional Center.  Plaintiff seeks monetary and injunctive relief.

### A.  Counts I and II

Plaintiff alleges he complained to the medical department at Lovelock Correctional Center that he suffered from dry eyes.  Plaintiff alleges that Dr. Donnelly gave him treatment, including eye drops.  Plaintiff contends that the eye drops caused damage to his eye.  Plaintiff alleges that Dr. Donnelly was negligent in treating his eye condition.  (Complaint, at pp. 4-5).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (stating that "deliberate indifference is a high legal standard").  A prisoner's claim of negligent or inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106.  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence, or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  Moreover, a difference of opinion between a

1  physician and an inmate concerning the appropriate course of treatment does not amount to
2  deliberate indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d at 1058; *Sanchez v.*
3  *Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1344 (9th
4  Cir. 1981).
5       In the instant case, plaintiff alleges that defendant Donnelly was negligent in treating his dry
6  eye condition. Plaintiff has alleged, at most, a claim of medical malpractice, which is insufficient to
7  state a cognizable constitutional claim for deliberate indifference to serious medical needs. Because
8  this claim cannot be cured through amendment, counts I and II of the complaint are dismissed with
9  prejudice.
10      **B.  Count III**
11      Plaintiff alleges that Warden Legrande "is responsible for the actions of all who work under
12  him." (Compl., at p. 6). Supervisory personnel are generally not liable under section 1983 for the
13  actions of their employees under a theory of *respondeat superior* and, therefore, when a named
14  defendant holds a supervisorial position, the causal link between him and the claimed constitutional
15  violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);
16  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). A plaintiff
17  can establish the necessary causal connection for supervisory liability by alleging that the defendant
18  "set[] in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by
19  others, which the supervisor knew or reasonably should have known would cause others to inflict a
20  constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotations,
21  original alterations, and citations omitted). Thus, "[a] supervisor can be liable in his individual
22  capacity for his own culpable action or inaction in the training, supervision, or control of his
23  subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a
24  reckless or callous indifference to the rights of others." *Id*. at 1208 (quoting *Watkins v. City of*
25  *Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)); *see also Larez v. City of Los Angeles*, 946 F.2d 630,
26  645 (9th Cir. 1991).

1        Although the United States Supreme Court has rejected the idea that "knowledge and
2 acquiescence" of subordinates' conduct is enough to hold supervisory officials liable under section
3 1983 where the a claim is one of purposeful and unlawful discrimination, *Ashcroft v. Iqbal*, 556 U.S.
4 662, 677-684 (2009), the Ninth Circuit Court of Appeals has held that where the applicable
5 constitutional standard is deliberate indifference, "a plaintiff may state a claim against a supervisory
6 for deliberate indifference based upon the supervisor's knowledge of and acquiescence in
7 unconstitutional conduct by his or her subordinates." *Starr*, 652 F.3d at 1205. "Even under a
8 deliberate indifference theory of individual liability, the [p]laintiffs must still allege sufficient facts
9 to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional
10 conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (citing *Star v.*
11 *Baca*, 652 F.3d at 1206-07).

12        In the instant case, there is no indication from the facts alleged that defendant LeGrand had
13 the requisite level of knowledge, participation, or acquiescence in the alleged denial of medical care.
14 Moreover, as discussed above, plaintiff fails to state a cognizable claim for deliberate indifference to
15 serious medical needs.  Plaintiff fails to state a claim against defendant LeGrande for supervisory
16 liability and amendment would be futile.  Because this claim cannot be cured through amendment,
17 count III of the complaint is dismissed with prejudice.

18 **IV.  Conclusion**

19       **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis*
20 (ECF No. 4) without having to prepay the full filing fee is **GRANTED**.  The clerk of court **SHALL**
21 **FILE** the complaint. Plaintiff shall **not** be required to pay an initial installment fee.  Nevertheless,
22 the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner
23 Litigation Reform Act of 1996.  The movant herein is permitted to maintain this action to conclusion
24 without the necessity of prepayment of fees or costs or the giving of security therefor.  This order
25 granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government
26 expense.

1    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Michael Duane Smith, #82456** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even though this action is dismissed with prejudice, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the entirety of this action is **DISMISSED WITH PREJUDICE** for failure to state a claim, as amendment would be futile.

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT** accordingly.

**IT IS FURTHER ORDERED** that this court **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated this  15th  day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE